**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| RITA RHOCK, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 4:25-cv-828-JDK-KNM |
| MEDICAL CITY MCKINNEY, *et al.*, | § § § | |
| Defendants. | § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff Rita Rhock initiated this lawsuit against Defendants Medical City McKinney and HCA Healthcare, seeking relief pursuant to Title VII, the ADA, the ADEA, and the FMLA. The case was referred to United States Magistrate Judge K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for the disposition of the action.

Before the Court is Defendants' motion to dismiss the amended complaint. Docket No. 23. Judge Mitchell issued a Report recommending that the motion be granted and that the complaint be dismissed with prejudice. Docket No. 32. Plaintiff filed written objections with 173 pages of exhibits attached. Docket No. 33. Defendants filed a response. Docket No. 34.

The Court reviews objected-to portions of the Report and Recommendation de novo. FED. R. CIV. P. 72; 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The Court conducting a de novo

review examines the entire record and makes an independent assessment under the law. *Alexander v. Verizon Wireless Services, LLC*, 875 F.3d 243, 249 (5th Cir. 2017).

As a preliminary matter, the Court will not consider the 173 pages of exhibits in Plaintiff's objections. Generally, a Rule 12(b)(6) motion cannot rely on evidence outside of the complaint. *C&C Inv. Props., L.L.C. v. Trustmark Nat'l Bank*, 838 F.3d 655, 660 (5th Cir. 2016). While it is within the Court's discretion to determine whether the evidence should be accepted or excluded, *see Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007) (citing *Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 193 (5th Cir. 1988)), the Court does not see a reason here to depart from the general rule. Accordingly, Plaintiff's exhibits are excluded from the Court's consideration.

Plaintiff's objections fare no better on the merits. Instead of refuting Judge Mitchell's findings, the objections just restate the conclusory statements that were previously asserted in her amended pleadings and rejected by Judge Mitchell. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting that allegations that do not go beyond labels and conclusions or a formulaic recitation of the elements of the cause of action are not sufficient to state a claim for relief).

*First*, Plaintiff's Title VII claim fails because she does not identify the protected class of which she is a member. A plaintiff cannot succeed on a Title VII claim without showing that a trait protected by Title VII—*e.g.*, race, color, religion, sex, or national origin—played a role in an adverse employment action. *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 610 (1993).

*Second*, Plaintiff's ADEA claim fails because she does not allege any facts to support a claim.  Instead, she provides conclusory allegations that she "is within the ADEA's protected age group" and that "less-qualified candidates" were selected for positions she sought.  Docket No. 20 at 2; Docket No. 33 at 8.  A claim supported by merely conclusory allegations cannot survive a motion to dismiss.  *See Iqbal*, 556 U.S. at 778.

*Third*, Plaintiff's FMLA claim fails because she alleges no facts, stating only that she "took protected FMLA leave [] and was terminated almost immediately after returning."  Docket No. 33 at 8.  Such a formulaic restatement of the elements of an FMLA claim does not state a claim for relief.  *See Iqbal*, 556 U.S. at 778.

*Fourth*, the objections do not point to any facts supporting Plaintiff's assertion that HCA Healthcare was her employer.  At best, Plaintiff states that HCA Healthcare provided human resources services to her employer, Medical City McKinney.  Docket No. 33 at 9.  These allegations do not show an interrelation of operations, centralized control of labor relations, common management, or common ownership or financial control, as required to establish an integrated enterprise.  *See Vance v. Union Planters Corp.*, 279 F.3d 295, 297 (5th Cir. 2002) (citing *Trevino v. Celanese Corp.*, 701 F.2d 397, 404 (5th Cir. 1983)).  All claims against HCA Healthcare should therefore be dismissed.

*Finally*, Plaintiff asserts for the first time in her objections that her ADA claim is based on diagnoses of generalized anxiety disorder, major depressive disorder, panic attacks, trauma-related symptoms, cognitive overwhelm, and emotional dysregulation.  Docket No. 33 at 3.  A party's entitlement to de novo review does not

entitle it to raise issues that were not presented to the Magistrate Judge. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994). Even if the Court assumes that Plaintiff pled a disability, she must go beyond the pleadings and "demonstrate that the impairment substantially limits a major life activity." *Mueck v. La Grange Acquisitions, L.P.,* 75 F.4th 469, 479 (5th Cir. 2023) (quoting *E.E.O.C. v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 614 (5th Cir. 2009)). Merely identifying an impairment or diagnosis is not enough. *Id.* Despite having an opportunity to amend her pleadings, Plaintiff has not pleaded facts sufficient to state an ADA claim.

Having conducted a de novo review of the written objections filed by Plaintiff in response to the Report and Recommendation, the Court concludes that the findings and conclusions of the Magistrate Judge are correct and Plaintiff's objections are without merit. Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report and Recommendation (Docket No. 32) is **ADOPTED**. It is **ORDERED** that Defendants' motion to dismiss (Docket No. 23) is **GRANTED** and the complaint is **DISMISSED** with prejudice.

So **ORDERED** and **SIGNED** this **19th** day of **June, 2026.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

4